

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00175-CV

———————————————

CODY ADAMS, Appellant

V.

BRENDA ADAMS, Appellee

On Appeal from the County Court at Law No. 2
Wise County, Texas
Trial Court No. CV-9947

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

This eviction appeal is moot.

The sole issue in the trial court was the right to possession of a certain property (the Property), and the trial court entered judgment evicting Appellant Cody Adams and awarding possession to Appellee Brenda Adams.[1] The trial court did not order Appellant to pay rent, attorney's fees, or any other amounts; again, the sole issue was possession. *Cf.* Tex. R. Civ. P. 510.1 (authorizing certain claims for unpaid rent to be joined with eviction lawsuits), 510.21 (authorizing parties to seek certain damages in county court in eviction case). And although Appellant initially appealed the trial court's judgment, the sheriff subsequently executed a writ evicting Appellant from the Property. *See* Tex. R. Civ. P. 510.23.

An eviction appeal becomes moot if (1) the appellant vacates the relevant property; (2) no damages or attorney's fees remain at issue; and (3) the appellant lacks a meritorious claim of right to current, actual possession of the property. *Sanchez v. JXJ Homes, LLC*, No. 02-26-00034-CV, 2026 WL 1355178, at *1 (Tex. App.—Fort Worth May 14, 2026, no pet. h.) (mem. op.); *see Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785–90 (Tex. 2006). Here, (1) Appellant has been evicted from the Property; (2) there are no damages or attorney's fees at issue; and (3) nothing

---

[1]Although the eviction case was originally filed in a justice court, Appellant appealed the justice court's judgment to a county court at law, and that court entered the judgment currently before us. *See* Tex. R. Civ. P. 510.19, 510.20.

in the record indicates that Appellant has a meritorious claim of right to current possession of the Property.

Accordingly, we notified Appellant that this case appeared moot and warned that we would dismiss his appeal unless, within ten days, he filed a response showing grounds for continuing it. *See* Tex. R. App. P. 42.3(a). More than a month has passed since then, and Appellant has not responded.

We thus vacate the trial court's judgment and dismiss the case as moot. *See* Tex. R. App. P. 43.2(e); *Marshall*, 198 S.W.3d at 790 (vacating trial court's judgment and dismissing eviction case as moot); *Sanchez*, 2026 WL 1355178, at *1 (same).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: June 11, 2026